UNITED STATES DISTRICT COURT                          NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
                                    FILED
UNITED STATES OF AMERICA,    U.S. IN CLERK'S OFFICE       ORDER          GLEESON, J.
                             DISTRICT COURT E.D.N.Y.
                               ★  SEP 23 2011  ★
         -against-
                              BROOKLYN OFFICE              95-CR-506 (JG)

MARVA ISAACS,

              Defendant.
-------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        On July 6, 1995, Marva Isaacs pleaded guilty to a single count of importation of a

schedule II controlled substance in violation of 21 U.S.C. §§ 952(a), 960(a)(1) &

960(b)(2)(B)(ii) and was subsequently sentenced to three years of probation. By letter dated

September 12, 2011, Isaacs asks the Court to expunge her conviction. She states in her letter that

this was her only criminal conviction and that she has since been a law-abiding, gainfully

employed citizen and that she is actively involved in her community and her church. She also

states that she is unable to travel to Canada to visit her family due to her criminal record. The

Court has also received a letter dated September 12, 2011, from Marion Porterfield, a friend of

Isaacs, who attests to Isaacs's diligent community work and her good character.

        The only statute authorizing a court to expunge a federal criminal conviction, 18

U.S.C. § 3607(c), applies in some circumstances to convictions for simple possession of a

controlled substance in violation of 21 U.S.C. § 844. Isaacs was convicted of a different offense

and therefore I cannot expunge her conviction pursuant to statute.

        Courts may also expunge criminal records pursuant to their inherent equitable

powers. *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977); *Moss v. United States*, No.

09–MC–495 (JFB), 2011 WL 1706548, at *1 (E.D.N.Y. May 4, 2011); *Fernandez v. United*

*States*, No. 09-MC-326 (CPS), 2009 WL 2227140, at *1 (E.D.N.Y. July 24, 2009). The standard

for doing so, however "is 'extremely stringent,'" *Fernandez*, 2009 WL 2227140, at *1 (citation

omitted), "and relief usually is granted only in 'extreme circumstances,'" *Schnitzer*, 567 F.2d at

539 (citation omitted).

Although I commend Isaacs for her community work and other accomplishments

over the past 16 years, and I have no reason to doubt that she has successfully rehabilitated

herself, I find that she has not demonstrated the kind of extreme circumstances that would

warrant expunging her conviction. Many people with a felony conviction have difficulty

traveling internationally as a result. Isaacs's situation is not unique or extraordinary in that

regard. Accordingly, her request for expungement is denied.

Isaacs is not without recourse if she wishes to travel to Canada. Although

Canadian law does prohibit persons with certain criminal convictions from entering Canada, it

also provides for exceptions that may apply to Isaacs. In particular, Isaacs may apply for

individual rehabilitation to enter Canada. Based on the facts described in the letters the Court

has received, she would be a strong applicant. Isaacs should consult the following webpage

maintained by the Canadian government for more information on the possible ways she may visit

Canada despite her conviction: http://www.cic.gc.ca/english/information/inadmissibility/

conviction.asp.

So Ordered.
s/John Gleeson
John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
September 23, 2011

2